# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RAJINDER & NIRU MADAN,

        Plaintiffs,

        v.

TESLA, INC.,

        Defendant.

Civil Action No. 19-157 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Tesla, Inc.'s ("Defendant") Motion to Dismiss pro se Plaintiffs Rajinder Madan and Niru Madan's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 3.) Plaintiffs opposed (ECF No. 9), and Defendant replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is granted.

## I.    Background[2]

For brevity and clarity, the Court provides Plaintiffs' allegations in the Complaint verbatim, as best as the Court can interpret Plaintiffs' handwriting. Plaintiffs allege:

> Rajinder Madan was driving Tesla (Model S 2016) on October 30th 2016 in Warren[,] NJ 07059. [Rajinder Madan] was driving into the driveway of his friend's house [at] 8 Conifer Dr., Warren [,] NJ 07059 and applied the brake. Tesla speeded and flew 30 feet in the air and landed on the car's roof injuring [Rajinder Madan] & spouse

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] For the purposes of the instant motion, the Court accepts all well-pled factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

> [Niru Madan]. [Plaintiffs] [e]nded up [at] Morris General Hospital with injuries. [Niru Madan] had broken [five] ribs & Rajinder [Madan] had injury to the left leg.

(Notice of Removal, Ex. A ("Complaint"), ECF No. 1-1.) Moreover, the Complaint states:

> The harm that occurred as a result of [D]efendant's acts include[s]: [(1)] Niru Madan had five fractures in the ribs due to the accident on 10/30/2016 & taken to Morristown General Hospital[.] Monetary issues still not resolved fully[;] [(2)] Rajinder Madan had injury to the left leg [which] still hurts occasionally[.] Monetary issues still not resolved fully[;] [(3)] Tesla car Model S 2016 to be replaced by the [D]efendant [] or monetary compensation.

(Compl. ¶ 3.) On or about October 3, 2018, Plaintiffs filed a Complaint against Defendant in the Superior Court of New Jersey, Somerset County, Law Division seeking monetary compensation or replacement of their vehicle. (Compl. ¶¶ 1-3.) Shortly thereafter, Defendant removed this action to this Court and filed the instant motion, arguing the Complaint fails to state a claim upon which relief can be granted. (Mot. to Dismiss 1, ECF No. 3.)

## II. Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff." *Itiowe v. United States Gov't*, No. 14-6342, 2015 WL 12911734, at *1 (D.N.J. Oct. 30, 2015), *aff'd*, 650 F. App'x 100, 103 (3d Cir. 2016); *see also Erickson*, 551 U.S. at 94. Nevertheless, "a [pro se] litigant is not absolved from complying with *Twombly* and the federal pleading

requirements merely because [he or she] proceeds pro se." *Camp v. Wells Fargo Bank, N.A.*, No. 16-2463, 2017 WL 3429344, at *2 (D.N.J. Aug. 9, 2017) (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

Pro se pleadings must "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."). The Court, however, need not credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## III. Discussion

Defendant argues that the Court should dismiss Plaintiffs' Complaint because the Complaint fails to "identify a single cause of action against Tesla or state facts and allegations from which any colorable cause of action could be reasonably ascertained." (Def.'s Moving Br. 1, ECF No. 4.) Defendant, therefore, maintains that Plaintiffs' Complaint fails to provide Defendant fair notice of what the claim is and the grounds upon which it rests. (*Id.* at 4.) Plaintiffs oppose, stating that they wish to "continue with the case." (Pl.'s Correspondence 1, ECF No. 9.)

The Court finds that Plaintiffs' Complaint fails to articulate any legal theory under which Defendant could be held liable. For example, Plaintiffs do not allege any specific defects in their car nor do they allege that Defendant breached any contractual duties. The only allegations the Court can discern are that an accident involving a car Defendant manufactured occurred, and Plaintiffs were injured. Plaintiffs fail to explain why they believe Defendant is liable for their alleged injuries. The Complaint, accordingly, fails to give Defendant fair notice of what claim or claims Plaintiffs are bringing. *See Pushkin v. Nussbaum*, 2014 WL 4543069, at *6 (D.N.J. 2014)

3

(explaining that a court "cannot expect defendants to defend against claims that are not clearly and specifically alleged."). The Court, accordingly, grants Defendant's Motion to Dismiss.

## IV. Order

For the reasons set forth above, and other good cause shown,

IT IS on this 10th day of July 2019 **ORDERED** that:

1. Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**.

2. By **August 12, 2019**, Plaintiffs may file an amended complaint.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4